IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTONIO CHAVEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 22-3037-JWL |
| ) | |
| KEVIN PAYNE, Commandant,[1] ) | |
| United States Disciplinary Barracks, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

In this habeas case arising under 28 U.S.C. § 2241, petitioner, a military prisoner acting *pro se*, challenges his convictions by court martial. For the reasons set forth below, the Court **denies** the petition.

### **I.    Background**

Petitioner first entered active duty in the Army in 1989, and he accepted a commission as an officer in 2007. In 2012, the Army retired petitioner from active duty because of a permanent disability. In 2019, petitioner pleaded guilty in a court martial to multiple specifications of indecent acts with a minor. On direct appeal, the Army Court of

---

[1] After this case was transferred to this district, the Court substituted as the proper respondent the commandant at petitioner's place of confinement at that time. That commandant has since been replaced, however, and thus the Court has substituted the present commandant as the proper respondent.

Criminal Appeals (ACCA) summarily affirmed the convictions, and the Court of Appeals for the Armed Forces (CAAF) denied review. Petitioner is presently confined at the United States Disciplinary Barracks at Fort Leavenworth in this judicial district.

In 2021, petitioner filed this case in the United States District Court for the District of Columbia, purportedly as a "companion case" to *Larrabee v. Braithwaite*, in which the D.C. district court had ruled that the assertion of court-martial jurisdiction over a Marine Corps fleet reservist was unconstitutional. *See Larrabee v. Braithwaite*, 502 F. Supp. 3d 322 (D.D.C. 2020), *rev'd sub nom. Larrabee v. Del Toro*, 45 F.4th 81 (D.C. Cir. 2022), *cert. denied*, 144 S. Ct. 277 (2023). In 2022, the case was transferred to this district, in which petitioner is confined; and the Court granted petitioner's motion for counsel and appointed the Federal Public Defendant's Office to represent petitioner. The matter was fully briefed, including supplemental briefs addressing the D.C. Circuit's reversal of the district court in *Larrabee*, when this Court stayed the case pending resolution of the petition for certiorari filed in *Larrabee*. Once the Supreme Court denied that petition in *Larrabee*, the Court permitted one additional round of briefing. Petitioner, however, sought leave to file his own brief, arguing that his appointed counsel was refusing to brief arguments that he wished asserted. Eventually, at petitioner's request, the Court withdrew the appointment of counsel and allowed petitioner to file an amended *pro se* petition. Respondent has filed an answer to that amended petition, and petitioner has filed a traverse in support of the petition. The matter is therefore ripe for ruling.

## II. Analysis

By his amended petition, petitioner claims that the military courts lacked jurisdiction over him because he was a medical retiree at the time of his court martial. Petitioner raised the issue of jurisdiction on direct appeal, and therefore he has exhausted his military remedies with respect to that claim. The Court has recently held that it may consider the merits of a jurisdictional claim, without consideration of the so-called *Dodson* factors, even if the military courts have considered and rejected the claim. *See Wilson v. Payne*, 2024 WL 1834379, at *1-2 (D. Kan. Apr. 26, 2024) (Lungstrum, J.), *appeal filed* (10th Cir. May 2, 2024).

Petitioner asserted an Equal Protection claim in his original petition, but no such claim appears in the amended petition, and any such claim has therefore been abandoned. The amended petition makes reference to a claim under the Due Process Clause, although without substantive argument on that issue. Petitioner did not assert any such claim on direct appeal, however, and he thus has waived any such claim by failing to exhaust his military remedies. *See Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003). The Court thus considers only petitioner's claim of a lack of jurisdiction. *See Laughrey v. Commandant*, 2024 WL 1931452, at *2-3 (D. Kan. May 1, 2024) (Lungstrum J.) (considering jurisdictional claim under specific exception to the exhaustion requirement, but not considering any other unexhausted claim), *appeal filed* (10th Cir. May 22, 2024).

Like the petitioner in *Larrabee*, petitioner here appears to claim that the military courts' assertion of jurisdiction over him was unconstitutional because (as a medical retiree) has was no longer a member of the "land and naval Forces" of the United States

3

and thus did not fall within the "Make Rules Clause" of the Constitution. *See* U.S. Const. art. I, § 8, cl. 14. In *Wilson*, this Court rejected a similar claim by a medical retiree. *See Wilson*, 2024 WL 1834379, at *2-7. The Court concluded that the Tenth Circuit would follow the D.C. Circuit's ruling in *Larrabee* that a person has the necessary military status to fall within the "land and naval Forces" of the United States if that person has a formal relationship with the military that includes a duty to obey military orders, including an order to be recalled to active duty. *See id.* (citing *Larrabee*, 45 F.4th at 83). The Court thus applies the same test in the present case, and it reaches the same conclusion that Congress's grant of court-martial jurisdiction over retirees, including medical retirees, is constitutional.

Petitioner argues in his briefs that he is not in fact subject to recall to active duty, but he has not shown that his recall is not permitted. In Title 10 of the United States Code, relating to the armed forces, Congress specifically provided that a retired service member may be recalled to active duty, and it did not distinguish between medical retirees and other types of retirees. *See* 10 U.S.C. § 688(a), (b)(1). A Department of Defense Instruction confirms that the ability to recall retired members to active duty extends to those retired because of disability. *See* DoD Instruction 1352, para. 3.2.g, 3.3.b. Petitioner notes that under 10 U.S.C. § 1211, members on the temporary disabled retired list (TDRL) may be recalled only with their consent, *see id.* § 1211(a), and he argues that the recall of members (such as himself) on the permanent disabled retired list (PDRL) should be considered similarly limited. As the military courts have ackowledged, however, Section 1211 applies only to members on the TDRL, and no similar provision requires the consent of members

on the PDRL for recall to active duty. *See, e.g.*, *United States v. Reynolds*, 2017 WL 1506062, at * 4 (N.-M. Ct. Crim. App. Apr. 27, 2017) (unlikelihood of recall is not relevant, as the applicable statute does not distinguish between types of retirees in authorizing recall to active duty). Petitioner has not cited any authority indicating or suggesting that medical retirees on the PDRL are not subject to recall to active duty. Accordingly, petitioner, as a medical retiree, has a formal relationship with the military that includes an obligation to obey military orders, including a recall order, and therefore the assertion of court-martial jurisdiction over him was not unconstitutional.[2]

Finally, petitioner argues that "pay" and "retired pay" in Title 10 are distinct from and do not include "disability retired pay." Petitioner appears to use this argument to suggest either that he was actually a civilian and thus lacked any military status for purposes of constitutional jurisdiction; or that statutory jurisdiction was lacking under 10 U.S.C. § 802(a)(4) because he was not a retired member "entitled to pay." Petitioner notes that in *Lemly v. United States*, 75 F. Supp. 248 (Ct. Cl. 1948), the court distinguished between a "pension" received after service was complete and "retirement pay" received

---

[2] Petitioner insists that his medical retirement was involuntary, and that he could not simply have resigned and been discharged from the Army entirely because he had not yet fulfilled his eight-year service commitment (upon becoming an officer) at the time of his medical retirement. The Court notes, however, that more than eight years had passed by the time of his court-martial proceedings. More importantly, petitioner has not shown why the involuntary nature of his retirement could be relevant here under the applicable test from *Larrabee*. When he accepted his commission as an officer, petitioner entered into a formal relationship with the military, including an obligation to obey any recall order after a medical retirement, and he maintained that military status until the time of his court martial. That status is sufficient to confer jurisdiction over him under the governing statutes and the Make Rules Clause.

when a member was retired from active duty but still subject to recall. *See id.* at 762-63. Petitioner argues that that same distinction was eventually codified, and that he should be treated like a civilian pensioner and not like a person receiving ordinary retirement pay.

The Court rejects this argument, which lacks any statutory basis. Title 10 defines "pay" to include "retired pay," and there is no distinction in that definition between disability retired pay and any other type of retired pay. *See* 10 U.S.C. § 101(a)(15).[3] Petitioner argues that "disability retired pay" is distinct from "retired pay," and he points to the use of the former term in 10 U.S.C. § 1211. As noted above, however, Section 1211 applies to members on the TDRL, and thus it does not apply to petitioner, who was placed on the PDRL. Moreover, Title 10 appears to use the two terms interchangeably, as Section 1202 refers to placement on the TDRL with "retired pay," while Section 1403 uses "disability retired pay" in its heading but only "retired pay" in the text of the provision. *See* 10 U.S.C. §§ 1202, 1403. At any rate, it is clear that petitioner is entitled to "retired pay" and thus falls within the statutory jurisdiction (and has military status) – as confirmed by petitioner's records, he was medically retired pursuant to 10 U.S.C. § 1201, which provides that the military may retire a disabled member "with retired pay computed under section 1401," which section sets forth the formula for calculating "retired pay." *See id.* §§ 1201(a), 1401. There is no basis for the Court to conclude that petitioner was a civilian

---

[3] Petitioner repeatedly cites to the definition of "pay" at 37 U.S.C. § 101(21), but that definition applies for purpose of Title 37, and as noted, Title 10 has its own definition of the term. Regardless, the two definitions are consistent for this purpose, as each defines "pay" to include "retired pay," without any distinction between "disability retired pay" and any other type of "retired pay." *See id.*

without military status based on the type of retired pay to which he became entitled. Accordingly, the Court concludes that the military courts properly exercised jurisdiction over petitioner.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 5th day of June, 2024, in Kansas City, Kansas.

 /s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge