IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO CHAVEZ,                              )
                                             )
                    Petitioner,              )
                                             )
     v.                                      )    Case No. 22-3037-JWL
                                             )
KEVIN PAYNE, Commandant,                     )
United States Disciplinary Barracks,         )
                                             )
                    Respondent.              )
                                             )
_____)

# MEMORANDUM AND ORDER

In this habeas case arising under 28 U.S.C. § 2241, petitioner, a military prisoner acting *pro se*, challenged his convictions by court martial, arguing that the military courts lacked jurisdiction over him because he was a medical retiree; but the Court denied the petition. *See Chavez v. Payne*, 2024 WL 2847442 (D. Kan. June 5, 2024) (Lungstrum, J.). Petitioner has now filed a motion for reconsideration of that denial (Doc. # 53), to which respondent has filed a brief in opposition. For the reasons set forth below, the Court **denies** the motion for reconsideration.

Petitioner seeks reconsideration pursuant to Fed. R. Civ. P. 59(e), which provides for a motion to alter or amend a judgment. *See id.* "A Rule 59(e) motion is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *See ORP Surgical, LLC v. Howmedica Osteonics Corp.*, 92 F.4th 896, 922 (10th Cir. 2024) (internal quotations omitted) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012

(10th Cir. 2000)). "Grounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete*, 204 F.3d at 1012. In making such a motion, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *See id.*

Petitioner acknowledges this standard and argues that reconsideration is required to correct clear error and to prevent manifest injustice in this case. Seemingly conceding that he faces a high hurdle, petitioner further cites the following standard applied by the Seventh Circuit in one case: "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish." *See Parts and Elec. Motors, Inc. v. Sterling Elec. Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). Petitioner argues, however, that that standard is satisfied in this case.

In its opinion denying the petition, the Court reaffirmed its recent conclusion that the Tenth Circuit would follow the D.C. Circuit's ruling in *Larrabee v. Del Toro* that a miliary court's jurisdiction over a retiree is constitutional if that person has a formal relationship with the military that includes a duty to obey military orders, including an order to be recalled to active duty. *See id.* at \*2 (citing *Wilson v. Payne*, 2024 WL 1834379, at \*2-7 (D. Kan. Apr. 26, 2024) (Lungstrum, J.), *appeal filed* (10th Cir. May 2, 2024)); *see also Larrabee v. Del Toro*, 45 F.4th 81, 83 (D.C. Cir. 2022), *cert. denied*, 144 S. Ct. 277

(2023). In his motion for reconsideration, petitioner does not take issue with that conclusion.

Instead, petitioner repeats two arguments from his prior briefs. First, petitioner again argues that although the military courts' statutory jurisdiction reaches retirees who receive "retired pay," that term does not include the "disability retired pay" that he receives. Petitioner has not addressed, however, the Court's specific reasons for rejecting that argument in the first instance, including the reference to "retired pay" in 10 U.S.C. § 1201, the statute under which petitioner was medically retired. *See Chavez*, 2024 WL 2847442, at *2-3. Thus, petitioner has not persuaded the Court that it clearly erred with respect to this issue.

Second, petitioner again argues that jurisdiction over him is not constitutional under the *Larrabee* test because he is not subject to recall to active duty. Once again, however, petitioner fails to address and rebut the Court's specific reasons for rejecting this argument in its prior opinion – including the fact that a Department of Defense Instruction expressly makes disability retirees subject to recall. *See id.* at *2. Moreover, petitioner has again failed to cite any authority supporting his argument that a statute applying explicitly to the recall of members of the temporary disabled retired list (TDRL) should apply also to petitioner and other members of the permanent disabled retired list (PDRL). *See id.*

In summary, petitioner has not demonstrated that the Court clearly erred in denying his petition or that manifest injustice will result if his petition is denied. The Court certainly does not agree with petitioner that its prior opinion was so obviously wrong as to be clearly

3

erroneous, let alone distinctly odiferous. Accordingly, the Court denies the motion for reconsideration.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion for reconsideration of the Court's denial of his habeas petition (Doc. # 53) is hereby **denied**.

IT IS SO ORDERED.

Dated this 15th day of July, 2024, in Kansas City, Kansas.

<u> /s/  John W. Lungstrum</u>
Hon. John W. Lungstrum
United States District Judge