IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO CHAVEZ, )
 )
                Petitioner, )
 )
v. ) Case No. 22-3037-JWL
 )
KEVIN PAYNE, Commandant, )
United States Disciplinary Barracks, )
 )
                Respondent. )
 )
_____)

## **MEMORANDUM AND ORDER**

In this habeas case arising under 28 U.S.C. § 2241, petitioner, a military prisoner acting *pro se*, challenged his convictions by court martial, arguing that the military courts lacked jurisdiction over him because he was a medical retiree; but the Court denied the petition. *See Chavez v. Payne*, 2024 WL 2847442 (D. Kan. June 5, 2024) (Lungstrum, J.). Petitioner filed a motion for reconsideration of that denial pursuant to Fed. R. Civ. P. 59(e) (Doc. # 53), which the Court denied. Petitioner has now filed a second motion for reconsideration pursuant to Rule 59(e) (Doc. # 57).[1] The Court **denies** that motion. The Court also **denies** petitioner's motion for appointment of counsel (Doc. # 60). The Court **grants** petitioner's motion to proceed on appeal *in forma pauperis* (Doc. # 59).

---

[1] Petitioner also filed a notice of appeal. The Tenth Circuit then abated that appeal pending this Court's ruling on the second motion for reconsideration.

The Court set forth the governing standard under Rule 59(e) in its order denying petitioner's first motion for reconsideration, and petitioner again fails to clear that high hurdle. Petitioner generally repeats arguments made multiple times before, and he again fails to show that the Court clearly erred in denying him relief on his habeas petition or that manifest injustice would result absent reconsideration. Accordingly, the Court denies petitioner's second motion for reconsideration.

The Court also denies petitioner's motion for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) to prosecute his appeal to the Tenth Circuit.[2] As petitioner notes, the Court appointed counsel (the Federal Public Defender for this district) for the petitioners in cases involving the same issue of military jurisdiction over medical retirees (*Wilson*, *Dillon*), which counsel is presently pursuing appeals in the Tenth Circuit on behalf of those petitioners. As petitioner fails to mention, however, the Court appointed that same counsel to represent him in this case, but that appointment was withdrawn at petitioner's request because counsel did not make particular arguments that petitioner wished made – arguments that petitioner seeks to pursue on appeal, judging from his motions for reconsideration. Accordingly, the Court concludes in its discretion that the interests of justice do not require the re-appointment of counsel to represent petitioner on appeal. Petitioner may seek such relief from the Tenth Circuit as appropriate.

---

[2] The Tenth Circuit has characterized a motion for appointment of counsel as a collateral matter that may be considered by a district court even after a notice of appeal has been filed. *See West v. Ortiz*, 2007 WL 706924, at *5 n.5 (10th Cir. Mar. 9, 2007) (unpub. op.).

Finally, based on the financial information submitted by petitioner, the Court in its discretion grants petitioner's motion to proceed on appeal *in forma pauperis* (without prepayment of fees) pursuant to 28 U.S.C. § 1915(a)(1).

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's second motion for reconsideration of the Court's denial of his habeas petition (Doc. # 57) is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for appointment of counsel (Doc. # 60) is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to proceed on appeal *in forma pauperis* (Doc. # 59) is hereby **granted**.

IT IS SO ORDERED.

Dated this 5th day of August, 2024, in Kansas City, Kansas.

     /s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge